**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JAMES HORTON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 11-3212-CV-S-RED-H |
| JUAN CASTILLO, Warden, | ) |
| United States Medical Center for | ) |
| Federal Prisoners, | ) |
| | ) |
| Respondent. | ) |

**<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's contentions are without merit, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he did not receive the proper amount of jail time credit towards his 84-month federal sentence for the time he spent in custody at a state detention facility, from May 31, 2007, to March 16, 2008. He seeks a *nunc pro tunc* or retroactive designation towards his federal sentence.

After a Show Cause Order, a Response was filed. Thereafter, counsel for petitioner filed a motion to withdraw. Petitioner was afforded the opportunity to file a pro se traverse, which he did not do.

A review of the record indicates that petitioner is in the custody of the Attorney General, serving a 84-month term of imprisonment, which commenced on August 21, 2008, with a projected release date of September 25, 2014. Petitioner contends that the BOP refused to give him presentence detention jail credit for the time he spent in custody from May 31, 2007, to March 16, 2008. According to respondent, petitioner was in the custody of the U.S. Marshals from April 27, 2007, until he was transported to the state of Texas on March 28, 2008, to continue serving the remainder of his Texas state parole violation sentence. It is asserted that he received credit from the state of Texas for the period when he was in the Marshals' custody, which includes the period at issue herein. Respondent contends petitioner was under the exclusive jurisdiction of the state of New Mexico until the expiration of his New Mexico sentence on April 20, 2007. It is further submitted that he was then under the exclusive jurisdiction of the state of Texas until the expiration of his Texas state parole violation sentence on August 21, 2008, at which time he was released to exclusive federal custody to begin serving his federal sentence.

The law is clear that an individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. 18 U.S.C. § 3585(a). Additionally, a federal prisoner is not entitled to credit on a federal sentence when he has received credit on a state sentence for the same time period. U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 114 S.Ct. 1629 (1994). If a petitioner were allowed federal credit for time spent serving a sentence imposed by a state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).

While the inmate may request a *nunc pro tunc* designation, and the BOP must consider the request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence, it is clear that the decision to grant such designation is discretionary and should not be granted when the sentencing court has determined that a federal sentence should be served consecutively to the

state sentence.  See Fegans v. United States, 506 F.3d 1101, 1104-05 (8th Cir. 2007).

In this case, the record indicates that petitioner was arrested and taken into custody in the state of New Mexico in November of 2005.  In December, while in custody in New Mexico, the Texas Department of Criminal Justice Clemency and Parole System executed a parole violation warrant against him.  His Texas sentence for violating his parole began that day, December 6, 2005, while he was still in custody in the state of New Mexico.  Petitioner was indicted by the United States District Court for the Northern District of Texas in February of 2006.  The federal court granted a writ of habeas corpus ad prosequendum in March of 2006, so that petitioner could be transferred from New Mexico to make an initial appearance in federal court in Texas.  On January 17, 2007, he was sentenced in federal court in Texas to an 84-month sentence, which was ordered to run consecutively to any sentence imposed in New Mexico. The federal judgment was silent regarding the Texas parole violation sentence. On April 6, 2007, petitioner was returned to New Mexico, in satisfaction of the federal writ.  On April 20, he was sentenced in New Mexico to a 17-month sentence. The record indicates that  New Mexico had never relinquished custody while he was on writ to the federal court in Texas, and that he was given credit for the time he was on the writ towards his New Mexico state sentence.  On the same day he was sentenced in New Mexico, he was immediately released from the state to the custody of the U. S. Marshals service.  Petitioner was still under the primary jurisdiction of the state of Texas due to the fact that he was still serving his Texas parole violation sentence.  He was held in the custody of the Marshals Service from April 20, 2007, until he was transported to Texas on March 28, 2008, to continue serving the remainder of his parole violator sentence.  He received credit from Texas for this period when he was in the Marshals' custody, which included the time period from May 31, 2007, until March 14, 2008.  He was paroled from his Texas sentence and released to exclusive federal custody on August 21, 2008.  Therefore,

the record indicates that he is not entitled to credit on his federal sentence for the time period in dispute, as he received credit on his Texas parole violator sentence for this time. There is nothing to indicate that petitioner is entitled to a *nunc pro tunc* designation.

Having carefully reviewed petitioner's contentions, the Court finds that petitioner's contentions in this regard are without merit. Therefore, it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be, and is hereby, dismissed without prejudice.


/s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE


Date:    4/24/12

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.